IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> WESLEY ALLEN CROSS GUNS JR, <br><br> Defendant. | CR 13-52-GF-BMM-02 <br><br> **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |

## I. Synopsis

The United States accused Mr. Cross Guns of violating his conditions of supervised release by (1) being terminated from the Great Falls Prerelease Center, (2) testing positive for methamphetamine, (3) testing positive for alcohol, and (4) failing to notify his probation officer of a change in his address. He admitted to all of the violations except (4). The United States chose not to pursue that allegation. Mr. Cross Gun's supervised release should be revoked. He should be placed in

1

custody for nine months, with twenty-one months of supervised release to follow.

## II. Status

United States District Judge Brian Morris sentenced Mr. Cross Guns to twenty-seven months in custody followed by thirty-six months of supervised release in 2014 after he pleaded guilty of to the crime of Burglary. (Doc. 98.) His initial term of supervised release began on May 27, 2015.

Judge Morris revoked Mr. Cross Guns's supervised release on January 4, 2016, and sentenced him to six months in custody, with thirty months of supervised release to follow, because he used methamphetamine and alcohol. (Doc. 128.)

The United States Probation Office filed a Second Petition for Warrant for Offender Under Supervision on June 2, 2016, alleging that Mr Cross Guns violated the conditions of his supervised release by using methamphetamine. (Doc. 140.) Judge Morris ordered him to enter a residential treatment center. He successfully completed the treatment program on September 5, 2016.

The Probation Office filed a third Petition for Warrant for Offender Under Supervision on November 28, 2016, alleging that Mr. Cross Guns consumed alcohol and failed to notify his probation officer of a change in his address. (Doc. 153.) The Court dismissed the petition on December 14, 2016, and ordered Mr.

Cross Guns to enter the Great Falls Prerelease Center for a period of 180 days. (Doc. 171.)

### Petition

The Probation Office filed a fourth Petition for Warrant for Offender Under Supervision on March 13, 2017, alleging that Mr. Cross Guns violated the conditions of his supervised release by (1) being terminated from the Great Falls Prerelease Center, (2) testing positive for methamphetamine, (3) testing positive for alcohol, and (4) failing to notify his probation officer of a change in his address. (Doc. 176.) Judge Morris issued a warrant for his arrest based on the information in the petition. (Doc. 177.)

### Initial appearance

Mr. Cross Guns appeared before the undersigned on March 21, 2017, in Great Falls, Montana. Federal Defender Evangelo Arvanetes accompanied him. Assistant United States Attorney Bryan Dake represented the United States.

Mr. Cross Guns said he had read the petition and understood the allegations. He waived the preliminary hearing, and the parties consented to the jurisdiction of a magistrate judge for the revocation hearing.

### Revocation hearing

Mr. Cross Guns admitted to the first three allegations but denied the fourth.

The United States chose not to pursue the fourth violation. The admitted violations are serious and warrant revocation of Mr. Cross Guns's supervised release.

Mr. Cross Guns's violation grade is Grade C, his criminal history category is IV, and his underlying offense is a Class C felony. He could be incarcerated for up to twenty-four months. He could be ordered to remain on supervised release for up to thirty months, less any custodial time imposed. The United States Sentencing Guidelines call for six to twelve months in custody.

Mr. Arvanetes requested that Mr. Cross Guns be incarcerated for six months, with no supervised release to follow. Mr. Dake recommended a sentence of eleven months of incarceration, with nineteen months of supervised release to follow. Mr. Cross Guns addressed the Court and stated that the death of one of his uncles affected his ability to comply with the terms of his supervised release.

### III. Analysis

Mr. Cross Guns's supervised release should be revoked because he admitted violating its conditions. Mr. Cross Guns should be incarcerated for nine months, with twenty-one months of supervised release to follow. This term of incarceration will impress upon Mr. Cross Guns the seriousness of supervised release conditions but will not be greater than necessary. The conditions previously imposed should be continued.

## IV.  Conclusion

Mr. Cross Guns was advised that the above sentence would be recommended to Judge Morris.  The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance.  The undersigned explained that Judge Morris would consider his objection, if it is filed within the allotted time, before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The undersigned **FINDS:**

> Wesley Allen Cross Guns violated the conditions of his supervised release by (1) being terminated from the Great Falls Prerelease Center, (2) testing positive for methamphetamine, and (3) testing positive for alcohol.

The undersigned **RECOMMENDS:**

> The district court should enter the attached Judgment, revoking Mr. Cross Guns's supervised release and committing him to the custody of the United States Bureau of Prisons for nine months, with twenty-one months of supervised release to follow.  The same conditions of supervised release should be continued.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of

Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

    Dated the 28th day of March 2017.

/s/ John Johnston
John Johnston
United States Magistrate Judge